# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| CHAD MICHAEL VICE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>STATE OF IOWA, JANA HACKER and IOWA DEPARTMENT OF CORRECTIONS,<br><br>　　　　Defendants. | No. C22-0020-LTS<br><br>**MEMORANDUM OPINION AND ORDER** |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| CHAD MICHAEL VICE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>STATE OF IOWA, FORT DODGE CORRECTIONAL FACILITY, BOB JOHNSON, DON HARRIS, III, COURTNEY PEARSON and JOHN/JANE DOE,<br><br>　　　　Defendants. | No. C22-3020-LTS<br><br>**MEMORANDUM OPINION AND ORDER** |

These two civil cases have been filed by pro se plaintiff Chad Michael Vice. In both cases, Vice did not submit the statutory filing fee but filed a motion to proceed in forma pauperis. *See* 28 U.S.C. § 1914(a) (requiring filing fee). In the first case, C22-

0020-LTS, Vice filed a motion to proceed in forma pauperis (C22-0020-LTS, Doc. 1), a complaint (C22-0020-LTS, Doc. 1-1), three pro se supplements to his complaint (C22-0020-LTS, Doc. 2, 5, 8), a pro se motion to appoint counsel (C22-0020-LTS, Doc. 3), two correspondence (C22-0020-LTS, Docs. 4, 6) and pro se motions for removal (C22-0020-LTS, Docs. 7, 9). In the second case, C22-3020-LTS, Vice filed a motion to proceed in forma pauperis (C22-3020-LTS, Doc. 1), a 42 U.S.C. § 1983 complaint (C22-3020-LTS, Doc. 1, Doc. 1-1), a pro se motion to appoint counsel (C22-3020-LTS, Doc. 2), a pro se motion for declaratory judgment (C22-3020-LTS, Doc. 3), two correspondence (C22-3020-LTS, Docs. 4, 5), a pro se supplement to his complaint (C22-3020-LTS, Doc. 6) and a pro se motion for removal (C22-3020-LTS, Doc. 7).

In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. *See* 28 U.S.C. § 1915(a)(1). In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is confined.[1] *See* 28 U.S.C. § 1915(a)(2). However, an incarcerated plaintiff is prohibited from applying to proceed in forma pauperis if he or she has three qualifying "strikes" pursuant to 28 U.S.C. § 1915(g).[2]

---

[1] Vice is currently incarcerated at the Anamosa State Penitentiary in Anamosa, Iowa.

[2] That section states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). While Vice's complaints are vague, neither contains any indication he is in danger of serious injury. *See* C22-0020-LTS, Doc. 1-1, C22-3020-LTS, Doc. 1-1.

Vice has at least three strikes. *See, e.g., Vice v. City of Ft. Madison, et al,* No. 4:21-cv-00354-RGE-SHL (S.D. Iowa Nov. 23, 2021), Doc. 4 (dismissing case pursuant to U.S.C.§ 1915A(b) as barred by applicable statute of limitations); *Vice v. Lee County Sheriff's Department, et al,* 4:21-cv-355-RGE-SHL (S.D. Iowa Nov. 23, 2021), Doc. 4 (dismissing case pursuant to U.S.C.§ 1915A(b) as barred by applicable statute of limitations); *Vice v. District Court for North Lee County, et al,* No. 4:22-cv-00108-RGE-SHL (S.D. Iowa May 17, 2022), Doc. 4 (dismissing case pursuant to U.S.C.§ 1915A(b) as claims lacked an arguable basis in law or fact).

On October 3, 2022, the Southern District of Iowa ruled that Vice has three qualifying strikes and therefore denied his motion to proceed in forma pauperis. *Vice v. Des Moines County, et al,* 4:22-CV-258-RGE-SBJ (S.D. Iowa Oct. 3, 2022), Doc. 5 (dismissing complaint without prejudice under § 1915(g)). The Southern District denied his motion to reconsider, rejecting his new allegation that he is at imminent risk of harm. *Id.* at Doc. 9. Vice filed a notice of appeal, but on December 2, 2022, the Eighth Circuit denied Vice's motion to proceed in forma pauperis on appeal. *Id.* at Doc. 11.

Because Vice has three strikes, his motions to proceed in forma pauperis (C22-0020-LTS, Doc. 1-1; C22-3020-LTS, Doc. 1-1) are **denied** pursuant to § 1915(g). Vice will be given **30 days** from the date of this order to pay the full $402 filing fee in each case.[3] If he does not pay the filing fee for a case, that case will be dismissed with no further order of the court.

As set out above, Vice filed a number of additional documents, some of which the Clerk of Court filed as motions, and others as supplements. In those documents Vice requests counsel, removal and a declaratory judgment. All of those motions (C22-0020-

---

[3] This includes the $350 filing fee set out by 28 U.S.C. § 1914(a) and the additional $52.00 administrative fee required when filing all civil actions. *See* 28 U.S.C. § 1914, *Judicial Conference Schedule of Fees*, No. 14 ("Administrative fee for filing a civil action, suit, or proceeding in a district court, $52. . .")

LTS, Docs. 2 through 9; C22-3020-LTS, Docs. 2 through 7) are **denied without prejudice** to refiling after Vice pays the filing fee in full.

    **IT IS SO ORDERED.**

    **DATED** this 23rd day of January, 2023.

_____
Leonard T. Strand, Chief Judge